THE STATE, EX REL. WILLIAMS, DIRECTOR, APPELLEE, *v.* BOARD OF COUNTY COMMISSIONERS OF OTTAWA COUNTY ET AL., APPELLANTS.

[Cite as State, ex rel. Williams, v. Bd. of County Commrs. (1977), 49 Ohio St. 2d 247.]

(No. 76-840—Decided March 16, 1977.)

*Mr. William J. Brown,* attorney general, *Mr. Joel S. Taylor* and *Ms. Margaret A. Malone,* for appellee.

*Mr. Lowell S. Peterson,* prosecuting attorney, and *Ms. Barbara Peterson,* for appellants.

O'NEILL, C. J. The judgment of the Court of Appeals is affirmed.

According to a 1970 sampling of well water in Catawba Island Township by the Ottawa County District Board of Health, 54.4 percent of the wells tested were considered unsafe.

On March 1, 1971, the board of county commissioners adopted a resolution declaring the necessity of providing a safe water supply to Catawba Island Township. At the direction of the board, plans were prepared which provided for a new supply of water for Catawba Island Township from the city of Port Clinton. These plans were submitted to and approved by the Ohio Department of Health.

After proper notice, the board held a public hearing on April 13, 1971, for the presentation of objections to the plan, the tentative assessments and the boundaries of the assessment district.

On October 16, 1972, the county board of health complained to the Department of Health that unsafe water supply conditions existed in Catawba Island Township and the matter was turned over to the new Ohio Environmental Protection Agency on October 23, 1972.

By letter dated December 7, 1972, the Director of Environmental Protection directed the board of county commissioners to proceed with utmost haste with the construction of the necessary water supply facilities in accordance with previously approved detailed plans. On the following day, the board of county commissioners responded to the director's letter and inquired whether his directions to proceed were issued pursuant to the provisions of R. C. 6103.17. By letter dated January 24, 1973, the director stated that his order requiring installation of a public water supply system was issued pursuant to R. C. 6103.17.

On April 2, 1974, the board of county commissioners informed the director that they had authorized a consulting engineering firm to proceed with the necessary actions for the construction of the new water supply system.

On April 18, 1974, the board of county commissioners

submitted to the Environmental Protection Agency plans for a water supply and distribution system for Catawba Island Township, which provided for the extension of a trunk water main from Port Clinton, the construction of a booster pumping station, the looping of the Catawba Island Township area with a 12 inch water main, the construction of a 500,000 gallon elevated storage tank, and the construction of a distribution system of water mains. The water was to be supplied to the system by the city of Port Clinton.

These plans were approved by the Environmental Protection Agency on June 21, 1974.

On July 8, 1974, the board of county commissioners adopted a resolution ratifying the plans. The board, at the same time, adopted a resolution to proceed with the construction of the water supply system.

At the November 1974 election, a change in the membership of the board of county commissioners took place. On February 10, 1975, the board adopted a resolution rescinding all actions previously taken relating to the water supply project and also rescinded the ratification passed July 8, 1974.

The Environmental Protection Agency has been unable to secure compliance with the director's order following the adoption of the above-mentioned rescinding resolutions.

Subsequent to the passage of the board's resolution of February 10, 1975, the Environmental Protection Agency conducted two samplings for the purpose of determining whether the water supply of Catawba Island Township was, in fact, still unsafe. The reports of those tests reaffirmed that the existing water supply constituted a health hazard.

The director then requested that an action in mandamus be initiated to secure compliance with his order of December 7, 1972.

Under the provisions of R. C. 6103.19, if the board of county commissioners fails, after a period of 30 days, after a notice and order given it by the Director of Environmen-

tal Protection pursuant to R. C. 6103.17, to perform any act required of it by R. C. 6103.02 through 6103.30, and by any such order and notice of the director, mandamus will lie to enforce such order of the director.

Respondents are under a clear legal duty to perform an official act. R. C. 6103.17. There is no plain and adequate remedy in the ordinary course of the law. The Court of Appeals, in allowing the writ, did not abuse its discretion. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631.

The judgment of the Court of Appeals allowing the writ is, therefore, affirmed.

*Judgment affirmed.*

HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.