[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant, Robert H. Penny, was convicted of aggravated assault pursuant to R.C. 2903.12, despite his claim that he had shot the victim in self-defense. In his sole assignment of error, Penny contends that his conviction is against the manifest weight of the evidence. He also argues that the trial court erred in failing to instruct the jury that he had no duty to retreat in his own place of business. The assignment of error is not well taken.
The trial court must charge the jury on all matters of law necessary for the information of the jury to return its verdict, and the instructions should be tailored to the facts of the case. State v. Shue
(1994), 97 Ohio App.3d 459, 470-71, 646 N.E.2d 1156, 1163; State v.Cotton (Aug. 14, 1996), Hamilton App. C-950208, unreported. A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence. State v.Williford (1990), 49 Ohio St.2d 247, 251-252, 551 N.E.2d 1279, 1283.
One of the essential elements of self-defense that the defendant must prove by a preponderance of the evidence is that the defendant did not violate any duty to retreat or avoid the danger. Williford, supra, at 249, 551 N.E.2d at 1281; State v. Napier (1995), 105 Ohio App.3d 713,722, 664 N.E.2d 1330, 1336. However, no duty to retreat exists if a person is assaulted in his or her own home or business. State v. Jackson
(1986), 22 Ohio St.3d 281, 283, 490 N.E.2d 893, 896. Because Penny was in his own business when he shot the victim, and he presented evidence supporting the affirmative defense of self-defense, the trial court erred in failing to instruct the jury that he had no duty to retreat.
Nevertheless, Penny failed to object to the trial court's failure to instruct the jury on that issue. Thus, he waived any error unless it rose to the level of plain error. Williford, supra, at 252,551 N.E.2d at 1284; State v. Underwood (1983), 3 Ohio St.3d 12, 13, 444 N.E.2d 1332,1333. An alleged error does not rise to the level of plain error unless, but for the error, the results of the proceeding clearly would have been otherwise. State v. Wickline (1990), 50 Ohio St.3d 114, 119-120,552 N.E.2d 913, 919-920; Underwood, supra, at 14, 444 N.E.2d at 1334. Furthermore, "the plain error rule is to be applied with the utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." State v. Cooperrider (1983),4 Ohio St.3d 226, 227, 448 N.E.2d 452, 453.
While Penny had no duty to retreat, he was not privileged to use deadly force to repel a trespasser in the absence of a reasonable fear of death or great bodily injury. State v. Caldwell (1992), 79 Ohio App.3d 667,680, 607 N.E.2d 1096, 1105. Further, a person, even in his or her own home or business, may only use that degree of force that is reasonably necessary under the circumstances. Williford, supra, at 249,551 N.E.2d at 1281; Napier, supra, at 721-722, 664 N.E.2d at 1336.
In this case, given the state of the evidence, the jury could have found that Penny's testimony that he feared for his life was not credible. See Caldwell, supra, at 679-680, 607 N.E.2d at 1105. Further, on the evidence presented, the jury could have reasonably concluded that Penny's fear, though genuine, was not reasonable or that the degree of force he used was not reasonable under the circumstances. While we view the failure to give an instruction that Penny had no duty to retreat seriously, we cannot say in this case that, but for the error, the results of the proceeding clearly would have been otherwise. Therefore, the error does not rise to the level of plain error. See Napier, supra,
at 722-723, 664 N.E.2d at 1336-1337.
Further, after reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Penny's conviction and order a new trial. Therefore, the conviction is not against the manifest weight of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541, 546-547; State v. Allen (1990), 69 Ohio App.3d 366, 374,590 N.E.2d 1272, 1278. Accordingly, we overrule Penny's sole assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.