THE STATE OF OHIO, APPELLEE, *v.* JACKSON, APPELLANT.

[Cite as State *v.* Jackson (1986), 22 Ohio St. 3d 281.]

(No. 85-227—Decided March 19, 1986.)

*John T. Corrigan,* prosecuting attorney, and *Stephen McGowan,* for appellee.

*Michael L. Thal* and *Matthew G. Harris,* for appellant.

*Per Curiam.*

## I

In his first proposition of law, appellant argues that the Due Process Clause of the Fourteenth Amendment prohibits the state from placing the burden of proving self-defense on the accused. Based upon our recent decision in *State v. Martin* (1986), 21 Ohio St. 3d 91, we find no merit in this assertion.

In *Martin, supra,* this court examined and analyzed the holdings of the United States Supreme Court and our own past holdings on this issue. We concluded that where the state is required to prove beyond a reasonable doubt every element of a crime as defined by statute, the defendant may fairly be required to prove, by a preponderance of the evidence, the affirmative defense of self-defense. R.C. 2901.05 embodies this principle.

In the case *sub judice,* the state proved that appellant purposely caused the death of Young. Appellant admitted these facts but claimed his act was justified by self-defense. As we stated in *Martin, supra,* self-defense does not require the defendant to prove his innocence by negating an element of the crime with which he is charged. As long as the prosecution is required to prove the elements of a crime, there is no additional constitutional requirement to prove the absence of self-defense. *Id.* at syllabus. Cf. *Patterson v. New York* (1977), 432 U.S. 197, 210. Due process is not offended by placing the burden of going forward with the affirmative defense of self-defense on the accused pursuant to R.C. 2901.05.

Accordingly, the judgment of the court of appeals on this issue is affirmed.

## II

Appellant next contends that the trial court erred in failing to instruct the jury in accordance with his proposed special instruction on the duty to retreat.

This court held in *State v. Robbins* (1979), 58 Ohio St. 2d 74, 79-80 [12 O.O.3d 84], quoting *State v. Melchior* (1978), 56 Ohio St. 2d 15 [10 O.O.3d 8], that " '[t]o establish self-defense, the following elements must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray * * * [citations omitted]; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force * * * [citations omitted]; and (3) the slayer must not have violated any duty to retreat or avoid the danger, *State v. Peacock* (1883), 40 Ohio St. 333, 334; *Graham v. State* (1918), 98 Ohio St. 77, 79.' " The *Peacock* and *Graham* cases state, respectively, that one has no duty to retreat if he is assaulted in his home or business.

In contrast, appellant's proposed instruction states in essence that as long as a person is in *any* place where he has a right to be, there is no duty to retreat from an attack. As the appellate court noted, under appellant's

instruction any one in a public place, or any invitee or licensee, would be in a place where he has a right to be and would thus have no duty to retreat. This instruction is clearly an overbroad and incorrect statement of the law on the duty to retreat as set forth in *Robbins, supra,* which incorporates exceptions to the duty to retreat only when one is in his home or business. Thus, the trial court did not err by overruling appellant's proposed instruction.

The trial court instead gave a correct general instruction on self-defense in accordance with the elements enumerated in *Robbins, supra.* Appellant contends this was error because the trial court, in overruling his proposed instruction, failed to *sua sponte* specially instruct the jury that he had no duty to retreat when attacked in or about his home.

In *State* v. *Guster* (1981), 66 Ohio St. 2d 266, 271 [20 O.O.3d 249], this court stated that "* * * a court's instructions to the jury should be addressed to the actual issues in the case as posited by the evidence and the pleadings." In the case *sub judice,* a special instruction on appellant's duty to retreat when attacked in or about his home may have been helpful to the jury. Our review of the record, however, convinces us that the omission of such an instruction was not prejudicial error requiring reversal under the facts of this case.

As made clear by this court in *Robbins, supra,* the elements of self-defense are cumulative. In order to prevail on the issue of self-defense, the accused must show that he was not at fault in starting the affray, *and* that he had a bona fide belief that he faced imminent danger of death or great bodily harm and that his only means of escape was the use of such force, *and* that he violated no duty to retreat or avoid the danger. If the defendant fails to prove *any one* of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense.

In the case *sub judice,* it is apparent from the verdict that the jury believed the testimony of the state's witnesses that appellant did not believe he was in imminent danger of death or great bodily harm from the victim. This testimony showed that appellant acted out of jealous anger toward the victim rather than out of fear for his life. Prosecution witness Delora Kilpatrick, who had been intimately involved with the victim for three and one-half years and bore his daughter, testified that she met the victim at appellant's apartment house around 7:00 on the evening of the murder. Kilpatrick told the jury that appellant was angry at the victim about her presence at his home and that appellant was jealous of her relationship with the victim. Kilpatrick said she left the scene after appellant called her a "bitch" and she responded in kind.

The victim's sister, Maudean Bolden, testified that she and her brother had gone to the victim's apartment the afternoon of the murder in order to collect some "things" the victim had left in appellant's apartment. Bolden also testified that appellant and the victim had been homosexual lovers for several years. Bolden stated that the argument between the two men began when Kilpatrick arrived and continued after she left. Bolden told

the jury that appellant ordered the victim to leave without his things. The struggle in the front yard then ensued, with another man assisting appellant in restraining the victim. Bolden stated that appellant threatened to kill the victim after their fight was broken up and then ran inside his apartment house. As her brother walked up the porch stairs to retrieve his belongings, Bolden told the jury that appellant reappeared and fatally shot him. Further evidence adduced at trial showed that the victim was not armed with any weapon on the evening he met his death. Hospital records showed that appellant sustained only a contusion of the right knee as a result of his struggle with the victim.

Key defense witnesses, in contrast, were thoroughly discredited upon cross-examination. Rick Jackson, appellant's nephew, one of the men who restrained the victim, admitted that he had wiped the murder gun free of fingerprints and had thrown it under the porch. Jackson also admitted that he had given police investigators a false name, and on many occasions was forced to acknowledge that his prior statement to police was inconsistent with his testimony at trial. James L. Teasley, who was also present at the home, testified that he was not sufficiently concerned about appellant's safety to have assisted in breaking up the fight in the yard. Teasley also admitted prior convictions for murder and felonious assault.

The weight to be given evidence and the credibility of the witnesses are primarily decisions for the jury. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O.2d 366], paragraph one of the syllabus. It is evident that in the case *sub judice,* the jury heard the witnesses, weighed the evidence, and rejected appellant's contention that he had a bona fide belief that he was in imminent danger of death or great bodily harm. There was substantial evidence to support the jury's conclusion that appellant had not proved this element of self-defense.

Although a special instruction from the trial court on appellant's duty to retreat would have been appropriate to the evidence adduced at trial, we conclude that the failure to give such an instruction neither affected appellant's substantial rights nor contributed to his conviction. Crim. R. 52(A); *Chapman* v. *California* (1967), 386 U.S. 18. As demonstrated by the foregoing, the jury simply rejected appellant's theory of self-defense.

For the foregoing reasons, appellant's second proposition of law is without merit. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., LOCHER, HOLMES, CORRIGAN, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY, J., dissents.

CORRIGAN, J., of the Eighth Appellate District, sitting for C. BROWN, J.

SWEENEY, J., dissenting. Based upon the reasoning articulated in my prior dissent in *State* v. *Martin* (1986), 21 Ohio St. 3d 91, 96, I must dissent from Part I of the majority opinion herein.

The placement of the burden of proof of self-defense on the accused, pursuant to R.C. 2901.05, is patently unconstitutional as a violation of the Due Process Clauses of both the state and federal Constitutions.

As one court recently noted, "[r]ooted in the Anglo-American tradition is the belief that a killing in self-defense is not a crime." *Thomas* v. *Leeke* (C.A. 4, 1984), 725 F. 2d 246, at 249-250, fn. 2.

I stand firm in my belief that the taking of the life of another in self-defense is a completely lawful act. Since the affirmative defense of self-defense is one which serves to negate some of the facts (*i.e.,* voluntariness and unlawfulness) that are necessary to constitute the crime of murder, the burden of persuasion on self-defense is one which should be carried by the state, once the defense is raised by the accused.

Thus, I would reverse the decision of the court of appeals, and remand the cause for further proceedings on this issue.