853 F.2d 926
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George CURLEY, Petitioner-Appellant,
v.
Terry MORRIS, Respondent-Appellee.
 No. 87-4070.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1988.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and JULIA S. GIBBONS, District Court Judge.*
 PER CURIAM.
 
 
 1
 Petitioner George Curley seeks federal habeas corpus relief pursuant to 28 U.S.C. Sec. 2254 (1982). In his appeal to this court, petitioner asserts ten assignments of error. Because we find these assignments to be lacking in merit, the petition for habeas corpus is denied.
 
 
 2
 Curley was indicted in January of 1985 by a grand jury on one count of aggravated murder, a violation of Ohio Revised Code Section 2903.01. After a trial by jury, Curley was found guilty of the lesser included offense of involuntary manslaughter. Curley was sentenced to serve a term of imprisonment of three years prior to and consecutive to a term of from fifteen years to twenty-five years.
 
 
 3
 The relevant facts concerning the event at issue here indicate that on January 1, 1985, Curley returned home in the early morning to find his nephew, Dean White, and his nephew's girlfriend lying on his bed. Curley ordered White, who lived in the downstairs apartment of the house but who had apparently been locked out that night, to "get out or I'll shoot you in the head." White's girlfriend, Nadia Ahmetovic, testified that she and White quickly agreed to leave and informed Curley of their decision immediately. She stated that while White arose and walked toward the kitchen door, Curley fired a shot killing White.
 
 
 4
 Curley attempted to defend his actions by claiming that White had approached him in a threatening manner, and that, while he shot in self-defense, he did not shoot to kill. After receiving his conviction, Curley appealed to the Ohio Eighth District Court of Appeals, which affirmed the conviction on May 8, 1986. Curley's motion for leave to appeal to the Ohio Supreme Court was denied on December 10, 1986. Having exhausted his state remedies, Curley petitioned for habeas corpus relief. On September 30, 1987, the district court accepted the report and recommendation of the magistrate and dismissed the petition. Petitioner now repeats before us many of the errors asserted by him below.
 
 
 5
 Before addressing the merits of the claims raised by petitioner, we emphasize that before habeas corpus relief may be granted, it must be shown that petitioner was deprived of a right guaranteed by the United States Constitution. Bell v. Arn, 536 F.2d 123 (6th Cir.1976). Only if the errors alleged resulted in a denial of fundamental fairness to the defendant will we grant relief. Jameson v. Wainwright, 719 F.2d 1125 (11th Cir.1983), cert. denied, 466 U.S. 975 (1984).
 
 
 6
 Petitioner's first four arguments challenge the jury instructions offered by the trial court. More particularly, petitioner argues that the court's instructions to the jury in the matter of his self-defense theory were defective because they required him to prove by a preponderance of the evidence that he had shot White in self-defense. Defendant must prove, however, that the instruction "infected [his] trial to such a degree as to constitute a clear violation of due process." Wood v. Marshall, 790 F.2d 548, 551 (6th Cir.1986). Absent such a showing, an improper jury instruction will not warrant the granting of habeas corpus relief. With respect to petitioner's first assignment of error, we hold that it is not unconstitutional to require that a criminal defendant bear the burden of proving by a preponderance of the evidence that he acted in self-defense. See Martin v. Ohio, 480 U.S. ----, 94 L.Ed.2d 267, reh. den., 95 L.Ed.2d 519 (1987). Not only is such a jury instruction not unconstitutional but it has been ruled proper by the Supreme Court of Ohio. State v. Jackson, 22 Ohio State 3d. 281, 490 N.E.2d 893 (1986). It is also not error for the court to provide examples to the jury for the purpose of explaining to them the doctrine of self-defense. Additionally, we do not believe the instructions to the jury were capable of misleading the jury on the law concerning the right to self-defense within one's home.
 
 
 7
 The second jury instruction argument raised by petitioner is that the charge of involuntary manslaughter should not have been included in the jury instructions as a lesser-included offense of aggravated murder. We find that this argument has no merit. See State v. Wilkins, 64 Ohio St.2d 382, 384, 415 N.E.2d 303 (1980). Petitioner's third argument is that he was not given any notice of the offense of which he was convicted, namely, involuntary manslaughter. Given, however, that we have already concluded that involuntary manslaughter is a lesser-included offense, we fail to see how petitioner's due process rights could have been violated. Petitioner's fourth challenge to the jury instructions, also involving the inclusion of the involuntary manslaughter charge, is without merit. As we noted earlier, the trial court's decision to submit the charge of involuntary manslaughter to the jury was fully justified under law. There is no merit to petitioner's apparent contention that such a charge may not be submitted to a jury if the criminal defendant has not raised a defense to certain elements of the offense. Furthermore, the defendant is not the only party that may request an instruction with regard to a lesser-included offense.
 
 
 8
 Petitioner's fifth argument challenges the sufficiency of the evidence at his trial. He argues that he presented sufficient evidence to offset the evidence presented against him. We note that when faced with a challenge such as this, a reviewing court is to review the evidence in the light most favorable to the government, and every reasonable inference from the evidence must be drawn in favor of the prosecution. Jackson v. Virginia, 443 U.S. 307 (1979); Fuller v. Anderson, 662 F.2d 420 (6th Cir.1981), cert. denied, 455 U.S. 1028 (1982). We believe the facts, as adduced at trial, were more than sufficient to convict petitioner, despite the presentation of his self-defense claim. A rational jury could certainly find Curley guilty of involuntary manslaughter, given that he shot White without sufficient provocation in front of an eye-witness. White was in the process of leaving the room at the request of Curley, possessed no weapon, and had made no threats toward Curley when he was shot. Accordingly, we find no merit to petitioner's fifth assignment of error.
 
 
 9
 Petitioner's sixth argument is that the trial court erred when it prevented him from producing evidence from his parole officer concerning Curley's fear of the victim. The evidence was excluded by the court as being hearsay. While the testimony should have been admitted as it was not being offered for its truth value, the Court of Appeals for Cuyahoga County found that the error was harmless. As we have noted before, erroneous rulings by a trial court on the admissibility of evidence will not support a claim for federal habeas corpus relief unless the defendant has been deprived of his due process rights to a fundamentally fair trial. Webster v. Rees, 729 F.2d 1078, 1080 (6th Cir.1984). We do not believe the defendant here was denied his constitutional right to a fundamentally fair trial as a result of the exclusion of this evidence.
 
 
 10
 Petitioner's seventh assignment of error is that the trial court denied him a fair trial when it allowed into evidence testimony about his alleged drinking problem. The ruling which allowed this testimony was also found to be harmless error by the Ohio Court of Appeals. We agree. Such an error did not result in the denial of a fair trial to defendant. The evidence was certainly not so prejudicial, especially given that it was contradicted at trial, as to warrant the granting of federal habeas corpus relief.
 
 
 11
 In his eighth argument, petitioner claims that he was denied a fair trial when the prosecutor argued in closing that the jury should decide the self-defense issue on the basis of the "reasonably prudent person" standard. In United States v. Leon, 534 F.2d 667, 679 (6th Cir.1976), we articulated the factors to be weighed in determining whether a defendant was unconstitutionally prejudiced by the prosecutor's actions:
 
 
 12
 In every case, we consider the degree to which the remarks complained of have a tendancy to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of a competent proof to establish the guilt of the accused.
 
 
 13
 Here, it is undisputed that the prosecutor's remarks were of an isolated nature. Even more importantly, the jury instructions later given by the trial court set forth the proper standards. There has also been no evidence that the remarks by the prosecutor were deliberate. Accordingly, we believe the misstatement by the prosecutor in this instance, especially given that it was rectified by the trial court, did not render Curley's trial fundamentally unfair.
 
 
 14
 Petitioner's ninth assignment of error is that he was subjected to retroactive legislation when he was given an additional term of imprisonment for a conviction that had preceded the date of the enactment of the Ohio Enhancement Penalty Statute. Curley was sentenced under Ohio Revised Code Sec. 2929.11(1)(b), which allows for the imposition of an enhanced sentence if the defendant has been convicted of a prior aggravated felony. Ohio Revised Code Sec. 2929.71 also enhances a sentence if a firearm was used in the commission of the crime. The enhancement statutes at issue here were enacted prior to the crime committed by Curley in 1985. As a result, petitioner's claim of being subject to an ex post facto law fails. Petitioner received a harsher sentence as a result of these statutes because of how they affected the sentencing for his 1985 crime; they did not impact the sentence he had received for his 1971 rape conviction. Petitioner's reliance upon Miller v. Florida, 107 Sup.Ct. 2446 (1987) is misplaced. In that case, the court held that the imposition of stiffer sentences as a result of the revised sentencing guidelines, which came into effect after the commission of the offense, violated the ex post facto laws of the constitution. Here, the enhancement statutes were not applied retroactively to crimes committed prior to the statutes' enactment.
 
 
 15
 Petitioner's final argument for habeas corpus relief is grounded in his claim that he was denied his constitutional rights when he was subjected to a cruel and unusual punishment in violation of the Eighth Amendment. Petitioner argues that he received a longer sentenced for having been convicted of a lesser offense than he would have had had he been convicted of aggravated murder. Petitioner's sentence reflects the fact that not only had he committed involuntary manslaughter but that Ohio Enhancement Statutes were also applicable. If he had been convicted of aggravated murder, his sentence also could have been extended as a result of these enhancement statutes. Because the sentence imposed by the trial court was within that called for by Ohio statute, and because there has been no showing that his sentence was disproportionately excessive, we hold that petitioner has not stated a claim upon which federal habeas corpus relief may be granted.
 
 
 16
 Accordingly, Curley's petition for federal habeas corpus relief is denied.
 
 WELLFORD, Circuit Judge, dissenting:
 
 17
 Because I believe the trial court's erroneous self defense instruction mislead the jury and may have resulted in an unfair trial, I respectfully dissent.
 
 
 18
 For over one hundred years Ohio law has stated a person has no duty to retreat before acting in self defense, when he is at home or his place of employment. State v. Jackson, 22 Ohio St.3d 281, ______, 490 N.E.2d 893, 896 (1986); Graham v. State, 98 Ohio St. 77, 79, 120 NE 232, 233 (1918); State v. Peacock, 40 Ohio St. 333 (1883). The instructions given the jury in this case did not state this rule. Instead the judge stated, "it also must be established that the Defendant must not have avoided any duty to retreat...."
 
 
 19
 To a lay jury, unschooled in law, such a statement can only mean the defendant had a duty to retreat while in his own home. This is not the law in Ohio. The majority believes this error to be harmless to Curley's case, but I have concern that this instruction may have denied him the right to a fair trial. Defendant did not deny shooting and killing the victim. His one and only hope of acquittal was self defense and this was his essential reliance. I believe that it rises to constitutional dimensions when one's only defense is misconstrued as a matter of law and a jury is erroneously instructed in this regard. The fact that the trial court mischaracterized the law as to self defense in his own home, therefore, looms very large as prejudicial error. I am not prepared to hold that Curley's case may not have been impermissibly undermined by such an instruction.
 
 
 20
 This error in juror instruction must be considered in conjunction with the other errors noted by the Ohio Court of Appeals in Curley's direct appeal, particularly admitting evidence about his past drinking problems while excluding evidence of Curley's justifiable fear of the victim who was a trespasser in Curley's apartment.
 
 
 21
 I would grant the writ accordingly.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Court Judge for the Western District of Tennessee, sitting by designation