OPINION
Defendant-appellant Ralph (Doug) Davis appeals his conviction of the Jefferson County Court #1 of assault in violation of Toronto Ordinance 537.03. Davis raised a self-defense argument at trial. This court is asked to determine if the trial court improperly ruled that self-defense was not applicable to the case. For the following reasons, the judgment of the trial court is hereby affirmed.
 FACTS
At approximately midnight on March 25, 2001, Lisa Feist and Davis, who were dating at the time, were arguing at Davis' house which is located in Toronto, Jefferson County, Ohio. Brandi Feist, Lisa's daughter who was at Davis' house at the time of the dispute, called 911 and her grandfather, Frank Feist. Brandi told Frank that Davis and Lisa were arguing again. Frank and his wife, Doreen, immediately left the dinner they were attending at the American Legion in Toronto and went to Davis' house.
Upon arriving at Davis' house, Frank went in to "confront" Davis. Frank approached Davis shaking his finger at him and saying, "Well you're a big man in that Superman shirt." In response to those actions, Davis punched Frank in the eye and held him down on the couch. The police arrived and Davis was charged with two counts of assault in violation of Toronto ordinance 537.03 and one count of disorderly conduct in violation of Toronto ordinance 509.09.
The case proceeded to a bench trial. The court found Davis guilty of one count of assault and one count of disorderly conduct. Davis was sentenced to thirty days in jail, fifteen days were suspended if he complied with requirements that the trial court set forth in its judgment entry. This timely appeal followed.
Davis' sole assignment of error contends:
 "THE TRIAL COURT FAILED TO APPLY THE PROPER BASIC STANDARDS OF SELF DEFENSE IN DETERMINING A SIMPLE ASSAULT CHARGE."
Davis argues that the evidence produced during trial is sufficient to prove that he was acting in self-defense when he hit Frank. Davis claims that the trial judge improperly concluded that the defense of self-defense was inapplicable to the facts of his case.
Self-defense is an affirmative defense in Ohio. State v. Jackson
(1986), 22 Ohio St.3d 281. Self-defense is not merely a denial or contradiction of evidence offered by the state to prove the essential elements of the crime charged, but rather is the admission of prohibited conduct coupled with claims that surrounding facts or circumstances justify the conduct. State v. Grubb (1996), 111 Ohio App.3d 277. The burden of going forward with the evidence of the affirmative defense of self-defense and burden of proof rests entirely upon Davis. R.C.2901.05(A); Jackson, 22 Ohio St.3d 281.
A person asserting self-defense must show the following three elements: (1) that he/she was not at fault in creating the situation giving rise to the affray; (2) that he/she had a bona fide belief that he/she was in imminent danger of death or great bodily harm and that his/her only means of escape from such danger was in the use of such force; and (3) that he/she did not violate any duty to retreat or avoid the danger. State v. Robbins (1979), 58 Ohio St.2d 74. In a criminal case, the proper standard for determining whether a defendant has successfully raised an affirmative defense is to inquire whether the defendant has introduced sufficient evidence which if believed would raise a question in the mind of a reasonable person concerning the existence of such issue. State v. Palmer (1997), 80 Ohio St.3d 543, 564. If Davis failed to prove any one of the elements of self-defense, then he failed to demonstrate that he acted in self-defense. Jackson,22 Ohio St.3d at 283.
Davis failed to prove the second element of self-defense. In order to prove the second element of self-defense, Davis had to show that he had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from the danger was to use force.Robbins, 58 Ohio St.2d 74. Davis' belief that he was in danger must be a good faith belief of great and immediate danger of serious physical injury or death. City of Youngstown v. Scott (Apr. 2, 1996), Mahoning App. No. 93CA138, unreported. This test is subjective; the entire situation must be considered to determine whether the person's actions were reasonable under the circumstances. State v. Napier (1995),105 Ohio App.3d 713, 721-722, citing State v. Smith (1983),10 Ohio App.3d 99.
Before we discuss the reasonableness of Davis' actions, it must be noted that there is an appreciable age and size difference between Frank and Davis. Frank is a fifty-seven year old man, while Davis is a thirty-seven year old man. The record reflects that Davis is 5'11, 200 pounds. While, the record does not reflect Frank's actual height or weight, the court stated that Frank is appreciably smaller than Davis. (6/28/01 J.E.). A court can consider these factors in considering if Frank's actions were reasonable under the circumstances.
Davis' actions were not reasonable under the circumstances. Davis states he felt threatened by Frank's actions that night. Frank arrived at Davis' house around midnight. When Frank entered Davis' house, Frank was pointing his finger at Davis and commenting on how Davis thought he was a big man in a Superman shirt. However, these actions do not rise to the level of a good faith belief of great and immediate danger of serious physical injury. Frank's arrival at Davis' house at midnight was not a surprise to Davis. Davis knew Frank was coming over, because Davis knew Brandi had called Frank. Furthermore, even though Frank was pointing his finger at Davis, he was not waiving his fists in Davis' face. Frank's hand was not even balled into a fist, nor was Frank even touching Davis. Frank's action of pointing his finger at Davis and making a comment could possibly be seen as a threat. However, it has been recognized that mere verbal harassment does not constitute provocation entitling a defendant to defend himself. Bucyrus v. Fawley (1988), 50 Ohio App.3d 25; State v.Badurik (Dec. 17, 1999), Mahoning App. No. 98CA106, (stating that hitting someone in response to a threat is not an act of self-defense that excuses the person from the assault charge). Given the age and size difference between Davis and Frank, the fact that Frank did not even touch Davis or appear as if he was going to throw punches, and that a mere threat is not an act that excuses a person from an assault charge, Davis failed to provide sufficient evidence to prove the second element of self-defense. As such, he failed to prove that he was acting in self-defense.
For the above stated reasons, insufficient evidence was presented to sustain a self-defense argument. The trial court appropriately concluded that the defense of self-defense was not applicable in this case. Therefore, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.