This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brandon Boykin, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of felonious assault. This Court affirms.
 I.
{¶ 2} Alex Hawkins, the victim in this case, is a night shift manager at the Coca-Cola warehouse in Akron, Ohio. At the time of the incident that is the subject of this appeal, appellant was an employee under Hawkins' supervision. On September 21, 2001, Hawkins and appellant had several discussions regarding appellant's job performance. Finally, Hawkins asked appellant to accompany him to his office to discuss the matter. Appellant refused to accompany Hawkins upstairs. Hawkins told appellant that he had to either come up to the office to talk about things or go home for the evening and talk to the warehouse manager the next day before coming back to work. Appellant told Hawkins that he was leaving for the evening. As appellant turned to leave, he called Hawkins "bitch." Hawkins then approached appellant and asked him not to call him "bitch" and told him not to come back to work until he had talked with the warehouse manager. Appellant then turned around, took a step towards Hawkins and punched him in the face, knocking him unconscious. Hawkins sustained multiple fractures to the maxillary bond and a fracture to the orbital floor.
{¶ 3} Appellant was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(1). Appellant pled not guilty and waived his right to a jury trial. After hearing all the evidence, the trial court found appellant guilty and sentenced him to three years imprisonment.
{¶ 4} Appellant timely appealed, setting forth one assignment of error.
 II. ASSIGNMENT OF ERROR
"APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 5} In his sole assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. This Court disagrees.
{¶ 6} When determining whether a conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
{¶ 7} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
{¶ 8} In order to find appellant guilty of felonious assault, the prosecution needed to prove the elements which are set forth in R.C.2903.11(A) as follows:
{¶ 9} No person shall knowingly do either of the following:
(1) Cause serious physical harm to another ***[.]
{¶ 10} R.C. 2901.22(B) defines the culpable mental state of knowingly as "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." Physical harm means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).
{¶ 11} Applying the foregoing to the facts of this case, this Court will now consider the evidence adduced at trial.
{¶ 12} Alex Hawkins testified on behalf of the prosecution. Hawkins testified that on September 20, 2001, he had asked appellant to load up a truck and appellant did not do a satisfactory job. Hawkins reported appellant's unsatisfactory performance to the warehouse manager. On September 21, 2001, appellant told Hawkins that he should not have gone to the warehouse manager. Later in the evening on September 21, Hawkins had to speak with appellant several times about his job performance. Finally, Hawkins asked appellant to accompany him to his office upstairs to discuss the problem.
{¶ 13} Upon reaching the stairs, appellant told Hawkins that he would not go up to the office. Hawkins told appellant that he either had to go up to the office and discuss the matter or go home and talk with the warehouse manager the next day. The two men discussed whether appellant was going to leave without any profanity or shouting.
{¶ 14} Appellant told Hawkins that he was going home and turned to walk away. When he was approximately twenty feet away, appellant called Hawkins "bitch." Hawkins then yelled for appellant to stop and came down the stairs toward appellant. Hawkins told appellant that it was disrespectful for him to call him "bitch" because he was his supervisor. Hawkins also told appellant not to come back to work until he had talked to the warehouse supervisor. The next thing Hawkins testified that he remembered was waking up in his office, seeing blood all over him, feeling light-headed, and being taken to the hospital in an ambulance.
{¶ 15} Isaac Andrico, an employee at the Coca-Cola plant, also testified for the State. Andrico witnessed the incident. Andrico testified that he heard the conversation between Hawkins and appellant. Andrico further testified that he heard appellant call Hawkins "bitch" and that he heard Hawkins tell appellant not to call him "bitch" again and that he could leave. According to Andrico, appellant turned to go, took one step, turned around and punched Hawkins in the face. Hawkins fell to the floor and appellant fell on top of him. Andrico testified that when he went to assist Hawkins, appellant also punched him in the jaw.
{¶ 16} Robert Fields, another employee at the Coca-Cola plant, testified on behalf of the defense. Fields testified that he saw Hawkins grab appellant's arm when he turned to walk away and that Hawkins held on to appellant's arm as he fell to the ground and caused appellant to fall on him. Fields also saw appellant punch Andrico when he came to assist Hawkins.
{¶ 17} Appellant testified on his own behalf. Appellant stated that he did not want to walk upstairs to the office because he was hot and tired and the office upstairs was hot. Appellant testified that when he suggested that they use an office downstairs, Hawkins cursed at him. Upon telling Hawkins that he was leaving for the evening, appellant testified that Hawkins grabbed him by the wrist and told him to come to the office. Appellant stated that Hawkins threatened to have him fired if he did not come up to the office. Appellant testified that when he turned to leave, Hawkins grabbed his left biceps and he hit him. Appellant stated that he felt threatened because Hawkins was much bigger than he was.
{¶ 18} After careful review of the record, this Court cannot conclude that the trier of fact lost its way and created a manifest miscarriage of justice when it convicted appellant of felonious assault. Although conflicting testimony was presented, this Court refuses to overturn the verdict because the trier of fact chose to believe other testimony. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." Statev. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757. Accordingly, this Court holds that appellant's conviction was not against the manifest weight of the evidence.
{¶ 19} Appellant also argues that he should have been found not guilty by reason of self-defense. "Since self-defense is an affirmative defense, the burden of going forward with the evidence on the issue, and the burden of proof for the affirmative defense, [rest] entirely upon appellant. See R.C. 2901.05(A)." State v. Palmer (1997), 80 Ohio St.3d 543,563. In State v. Barnes (2002), 94 Ohio St.3d 21, the Supreme Court of Ohio stated:
 "To establish self-defense, a defendant must prove *** (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." Id. at 24, citing State v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus.
{¶ 20} The elements of self-defense are cumulative. The defendant must prove each element by a preponderance of the evidence or he has failed to demonstrate that he acted in self-defense. See State v.Jackson (1986), 22 Ohio St.3d 281, 284.
{¶ 21} After a review of the record, this Court finds that appellant has failed to demonstrate that he acted in self-defense.
 III.
{¶ 22} Having found that appellant's conviction was not against the manifest weight of the evidence and that appellant has failed to demonstrate that he acted in self-defense, appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
SLABY, P.J. and BATCHELDER, J. CONCUR.