OPINION
{¶ 1} Appellant Johnny Craft ("appellant") appeals his conviction challenging the Richland County Court of Common Pleas' decision denying his request to instruct the jury on the affirmative defense of self-defense. The following facts give rise to this appeal.
 {¶ 2} On the evening of April 10, 2005, the victim in this case, sixteen-year-old Lisa Johnson, returned home from spending the day with friends. Lisa intended to eat dinner and leave again to meet her friends in the park. Lisa asked her mother, Marian Jeannie Johnson, permission to go to the park and her mother told her she was not permitted to go. Lisa began arguing with her mother and appellant entered the kitchen to intervene.
 {¶ 3} Appellant had been drinking during the day and was upset with the grades Lisa had received on her report card. Appellant told Lisa she was grounded and called her a "retard." Lisa became even more upset and began yelling at appellant and using vulgar language. During the argument, Lisa was attempting to push past appellant in order to leave the house. However, appellant grabbed Lisa by the face and neck and struck her in the eye.
 {¶ 4} After appellant struck Lisa, she ran from the house. As Lisa was walking down the street, she met a friend, Mona Nuriso, and told her what had just happened. Lisa and Mona returned to the home of her friend's foster mother, Kamesha Raglin. Ms. Raglin called Children's Services to report the incident. Lisa left her friend's house before the police arrived because she did not want to report the incident to the authorities. Lisa eventually returned home during the early morning hours of August 11, 2005.
 {¶ 5} By the next morning, bruises formed on Lisa's face and neck. She also had a black eye and some burst blood vessels in her eye. Lisa called her aunt, Cathy Sparks, and told her what had happened. Lisa asked if she could stay with her aunt after school. Ms. Sparks told her she could stay with her and also told Lisa to go to the school nurse for treatment. Lisa went to the clinic and told the school nurse about the argument with appellant. The school nurse called Children's Services. The police took pictures of Lisa's injuries and Lisa provided a taped statement to Detective Jeff Shook of the Mansfield Police Department.
 {¶ 6} After interviewing Lisa, Detective Shook and Investigator Beth Burns, from Children's Services, went to appellant's home to speak to him. Appellant admitted to hitting Lisa during an argument. Detective Shook placed appellant under arrest for domestic violence. The Richland County Grand Jury indicted appellant on June 8, 2005, for one count of domestic violence. The offense was enhanced to a fifth degree felony because appellant had a prior conviction for domestic violence. This matter proceeded to a jury trial on September 22, 2005. Following deliberations, the jury found appellant guilty as charged. The trial court sentenced appellant to three years of community control and imposed a $500.00 fine.
 {¶ 7} Appellant timely appealed and sets forth the following assignment of error for our consideration:
 {¶ 8} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FAILING TO INSTRUCT THE JURY ON SELF-DEFENSE. APPELLANT WAS DEPRIVED OF A FAIR TRIAL IN VIOLATION OF THE SEVENTH AMENDMENT BY THE COURT'S REFUSAL TO INSTRUCT ON THE (SIC) SELFD-EFENSE."
 I {¶ 9} In his sole assignment of error, appellant maintains the trial court erred when it refused to instruct the jury on the affirmative defense of self-defense. We disagree.
 {¶ 10} We begin our analysis of this assignment of error by first noting that defense counsel discussed the affirmative defense of self-defense with the trial court, however, he never objected to the trial court's failure to instruct the jury on self-defense. Tr. 164-168. Crim.R. 30(A) addresses the giving or failure to give a jury instruction. This rule provides, in pertinent part:
 {¶ 11} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."
 {¶ 12} Because defense counsel did not object pursuant to Crim.R. 30(A), we must review this matter under a plain error analysis. Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 13} Generally, a party is entitled to the inclusion of requested jury instructions in the court's charge to the jury "`if they are a correct statement of the law applicable to the facts in the case * * *.'" Murphy v. Carrollton Mfg. Co.
(1991), 61 Ohio St.3d 585, 591, quoting Markus Palmer, Trial Handbook for Ohio Lawyers (3 Ed. 1991) 860, Section 36.2. In reviewing a record to decide the presence of sufficient evidence to warrant the giving of a requested instruction, an appellate court should determine whether there is evidence from which reasonable minds might reach the conclusion sought by the instruction. The decision to include a particular jury instruction is a matter within the sound discretion of the trial court. Thus, we will not reverse the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 14} R.C. 2919.25(A), the domestic violence statute, provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." The elements of self-defense are set forth in State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus. To establish the affirmative defense of self-defense, the defendant must establish the following elements by a preponderance of the evidence: (1) that he "* * * was not at fault in creating the situation giving rise to the affray"; (2) that he had "* * * a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of" such force; and (3) that he "* * * must not have violated any duty to retreat or avoid the danger." These elements are cumulative and failure to prove any one of them, by a preponderance of the evidence, fails to demonstrate self-defense.State v. Williford (1990), 49 Ohio St.3d 247, 248, citingState v. Jackson (1986), 22 Ohio St.3d 281, 284, certiorari denied (1987), 480 U.S. 917.
 {¶ 15} In the case sub judice, appellant argues the following testimony, from the victim's mother, establishes that he was entitled to a jury instruction on self-defense. The pertinent testimony relied upon by appellant is as follows:
 {¶ 16} "She [Lisa Johnson] just got louder and more vulgar, and then her dad came in and told her she needed to be grounded, because of her grade card, she needed to quit cussing, she needed to eat her dinner, get her laundry done, because she said something earlier about doing her laundry. She needed to get her laundry done for school the next day and she was not going to the park. And then she became arms flying, legs flying, then she was really cussing. She told me (sic): `I hate you. Your are not my fucking dad anyway.' And it ended up with all of this back and forth, back and forth. She called him a `fucking cunt,' pushed him against the wall. And he slapped her face." Tr. at 139-140.
 {¶ 17} The state responds that appellant did not raise sufficient evidence to warrant an instruction on self-defense. In support of this argument, the state cites the following testimony presented at trial. First, Lisa Johnson testified that during the argument with appellant, she was pushing her body weight against him in an effort to get out of the house. Tr. at 44. However, Lisa testified that she never pushed appellant with her hands. Id. Second, Detective Shook testified that appellant did not complain of any injury to himself or damage to his house. Tr. at 121. Appellant also did not state that he was threatened with physical harm by his daughter. Id. Detective Shook further testified that the victim's mother, Marian Jeannie Johnson, did not receive any injuries and she never mentioned any type of self-defense. Id.
 {¶ 18} Third, Marian Jeannie Johnson testified that Lisa was pushing against her and appellant in an effort to leave the house. Id. at 141, 160. Most importantly, Ms. Johnson testified as follows concerning the issue of self-defense:
 {¶ 19} "Q. When did you tell Beth Burns or Johnny or Detective Shook of any threats of physical harm that Lisa made that would warrant the injury that we see in those ten exhibits?
 {¶ 20} "A. In the first place, I never said anything about self-defense.
 {¶ 21} "Q. Well, the attorney in the case is claiming self-defense.
 {¶ 22} "A. What I seen, he was trying to keep her from leaving the house and it escalated. That is . . . I didn't say anything about self defense.
 {¶ 23} "Q. And he definitely —
 {¶ 24} "A. He is a . . . You know, that would be crazy for me to say that. I am not saying it was self-defense. I never did say that." Tr. at 153.
 {¶ 25} In overruling defense counsel's request for an instruction on self-defense, the trial court made the following statement:
 {¶ 26} "I don't think he was in fear for his safety or in fear of injury or anything like that. I think the question is he was trying to discipline his child, trying to keep her from going out in a situation where he thought she shouldn't because she was grounded and perhaps for concern for her personal safety after 8 p.m. That is what motivated his action, not because he was defending himself from excessive use of force." Tr. at 1661-67.
 {¶ 27} Further, the trial court concluded that the facts of this case involved parental discipline and not self-defense. Therefore, the trial court instructed the jury on the affirmative defense of reasonable parental discipline. Tr. at 164-165. Based upon the evidence contained in the record, we agree with the trial court's conclusion that the facts of this case supported a defense of reasonable parental discipline as opposed to an instruction on self-defense. We conclude appellant failed to establish that, but for the trial court's failure to instruct the jury on self-defense, he would have been acquitted of domestic violence. Accordingly, the trial court did not abuse its discretion when it denied appellant's request to instruct the jury on the affirmative defense of self-defense.
 {¶ 28} Appellant's sole assignment of error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to appellant.