JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Alafia Hairston appeals his conviction after a bench trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Michael Hobbs testified that in the early morning hours of December 31, 2005, he went to a house on Denison Avenue to buy cocaine. Hobbs stated he knocked on the front and side doors first. He then went to see if there was a back door, but left when he saw a large dog house.
 {¶ 3} Hairston testified that he was awakened by his fiancee telling him that someone was trying to break into the house. Hairston grabbed his gun and loaded it. He went outside to investigate.
 {¶ 4} Hobbs testified that he saw Hairston exit the house with a gun. Hobbs stated that Hairston fired a shot in the air and Hobbs took off running. Hobbs testified that while he was running away from the house, Hairston fired another shot, hitting him in the right leg. Hobbs collapsed. Hobbs reached in his pocket and called 911 from his cell phone. Hobbs testified that Hairston said, "I should have killed you."
 {¶ 5} Hairston testified that when he went outside to investigate, he saw one individual looking into his car. When Hairston started toward the car, he saw Hobbs and thought he had a gun in his hand. Hairston testified that Hobbs walked toward him and then Hobbs looked as if he was leaving. Hairston testified that Hobbs *Page 4 
turned back toward him and that he was scared for his life, so he shot Hobbs to avoid being shot. Hairston testified that he went back into his house and called 911. Hairston then exited his house and flagged down a police car. Hairston admitted to the officers that he shot Hobbs. The testimony is conflicting as to whether Hairston said Hobbs was trying to break into Hairston's house or Hairston's cars.
 {¶ 6} Hobbs was taken to MetroHealth Medical Center and was treated for a gunshot wound to the right thigh. The bullet entered through the back of his leg and fractured his femur. The doctor testified that Hobbs would not have been able to bear weight on his right leg after being shot.
 {¶ 7} The physical evidence at trial revealed that Hobbs was shot as he was running down the street away from Hairston's home. Hobbs collapsed on the sidewalk near the store that was adjacent to Hairston's house. The spent shell casing was located near the end of Hairston's driveway. Hobbs did not have a gun.
 {¶ 8} Hairston was convicted of two counts of felonious assault with firearm specifications and sentenced to five years in prison. Hairston appeals, advancing three assignments of error for our review.
 {¶ 9} "I. The trial court erred by convicting the appellant despite insufficient evidence."
 {¶ 10} "II. The trial court erred in finding defendant guilty despite the manifest weight of the evidence." *Page 5 
 {¶ 11} "III. The trial court denied defendant due process when it found defendant guilty despite a lack of evidence."
 {¶ 12} Under these three assignments of error, Hairston argues that the evidence at trial revealed that he acted in self-defense; therefore, the evidence was insufficient to sustain his convictions, and his convictions were against the manifest weight of the evidence.
 {¶ 13} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 14} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Leonard, 104 Ohio St.3d 54, 682004-Ohio-6235 (internal quotes and citations omitted). *Page 6 
 {¶ 15} Hairston was convicted of two counts of felonious assault in violation of R.C. 2903.11(A), which states: "No person shall knowingly do either of the following: (1) Cause serious physical harm to another * * *; (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon* * *."
 {¶ 16} Hairston argues that he acted in self-defense. The Supreme Court of Ohio stated that "To establish self-defense, a defendant must prove * * * (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." State v. Barnes (2002), 94 Ohio St.3d 21,24, citing State v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus. In State v. Williford (1990), 49 Ohio St.3d 247, paragraph two of the syllabus, the court held, "There is no duty to retreat from one's home." Thus, a person who, through no fault of his own, is assaulted in his home may stand his ground, meet force with force, and if necessary, kill the assailant, without any duty to retreat. State v.Thomas (1997), 77 Ohio St.3d 323, 327, citing Annotation, Duty to Retreat, 26 A.L.R.3d at 1299.
 {¶ 17} Nevertheless, a person is privileged to use only that force which is reasonably necessary to repel the attack, and in most circumstances, may not kill in self-defense if he has available a reasonable means of retreat from the *Page 7 
confrontation. Williford, supra, at 249-250; Jackson, supra, at 283-284;Robbins, supra, at 79-81.
 {¶ 18} Finally, the "elements of self-defense are cumulative. * * * If the defendant fails to prove any one of these elements by a preponderance of the evidence he has failed to demonstrate that he acted in self-defense." State v. Jackson (1986), 22 Ohio St.3d 281, 284.
 {¶ 19} In this case, the victim was shot outside of Hairston's home, so there was a duty to retreat. The evidence revealed that Hairston did not retreat but rather chased Hobbs and then shot him while Hobbs was running away; therefore, Hairston violated the duty to retreat and avoid the danger. Consequently, Hairston failed to prove by a preponderance of the evidence that he acted in self-defense.
 {¶ 20} Regarding Hairston's convictions for felonious assault with firearm specifications, we find that after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Finally, we find Hairston's convictions not to be against the manifest weight of the evidence. Accordingly, Hairston's three assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR *Page 1