[Cite as *Cleveland v. Gaston*, 2011-Ohio-3981.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95768**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# ANTHONY GASTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 10 CRB 007904

**BEFORE:** S. Gallagher, J., Kilbane, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Chief Public Defender

BY: David M. King
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

Mary Santez
Legal Intern
Office of the Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi
Director of Law
City of Cleveland

By: Victor R. Perez
Chief City Prosecutor
Jonathan L. Cudnik
Assistant City Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Anthony Gaston ("Gaston") appeals his conviction from the Cleveland Municipal Court for misdemeanor assault. For the reasons stated herein, we affirm the conviction.

{¶ 2} Charmaine Burton and Gaston were involved in a relationship for about one year prior to the altercation at issue in the current case. In March 2008, Burton picked Gaston up from work to give him a ride to a recreation center where Gaston regularly played basketball. Along the way, they began arguing about relationship issues. The argument remained verbal until their arrival at the recreation center. Burton drove through the parking lot to the front door. Instead of allowing Gaston to exit the car, she locked the doors and continued to drive around the parking lot, thereby continuing the verbal disagreement. Gaston conceded that Burton was driving fast, but not recklessly. Burton repeated this procedure two more times. She would pull up to the entrance to let Gaston out, but instead locked the doors and drove off.

{¶ 3} After the third time, Gaston grabbed for the steering wheel of the still-moving car in an attempt to seize control. Burton's and Gaston's versions of events diverge at this point. Burton claims that Gaston grabbed the wheel and then her hair. He then pushed her head into the side of the car, punched her repeatedly, and pulled her over the center console before the car finally stopped on a nearby tree lawn. Gaston testified that when he was grabbing for the steering wheel, Burton punched him in the mouth. He responded by grabbing her hair and "holding her down" to protect himself

while he exited the vehicle. After either version, when the car stopped on the tree lawn, Gaston jumped out.

{¶ 4} A few witnesses outside the recreation center testified that Burton tried to chase Gaston with her car. Gaston ran to the house of his uncle, who lived across the street from the recreation center, and locked himself inside. Burton got out of the car and started banging on the door. She was yelling obscenities and threats at Gaston. Gaston remained inside, and Burton eventually left.

{¶ 5} After hearing the evidence, the trial court found Gaston guilty of misdemeanor assault and sentenced him to serve 180 days in jail, with 176 days suspended and credit for four days served. The court also imposed a $1,000 fine, which was suspended. It is from this conviction that Gaston timely appeals, raising two assignments of error.

{¶ 6} Gaston's first assignment of error provides as follows: "The court erred in not considering the affirmative defense of self-defense in violation of United States Constitution Amendments V and XIV and Ohio Constitution Article I, Sections 1, 10, and 16." Gaston's first assignment of error essentially challenges the weight of the evidence establishing his affirmative defense, an issue raised in his second assignment of error, which provides as follows: "Defendant's conviction for assault was against the manifest weight of evidence." In his second assignment of error, Gaston argues that he sufficiently proved his actions were done in self-defense. We find both assignments of error to be without merit.

{¶ 7} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."   (Internal citations and quotations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81.

{¶ 8} Gaston was convicted of a misdemeanor assault in violation of Cleveland Codified Ordinances 621.03, which provides that no "person shall knowingly cause or attempt to cause physical harm to another * * * [or n]o person shall recklessly cause serious physical harm to another."   Gaston did not dispute that a physical altercation took place.   Gaston steadfastly maintained that his actions were in self-defense.   The only issue, therefore, was whether the physical harm was justified under the circumstances.

{¶ 9} To establish self-defense at trial, the defendant must show the following: (1) he was not at fault in creating the situation giving rise to the disturbance; (2) he had a bona fide belief that he was in imminent danger of death or great bodily harm; (3) that his only means of escape from such danger was in the use of such force; and (4) he must not have violated any duty to retreat or avoid the danger.   *State v. Melchior* (1978), 56 Ohio St.2d 15, 20-21, 381 N.E.2d 195.   The defendant fails to establish that he acted in

self-defense if he fails to prove any one of these elements by a preponderance of the evidence.   See *State v. Jackson* (1986), 22 Ohio St.3d 281, 284, 490 N.E.2d 893.

{¶ 10} We first note that the court heard testimony and closing arguments in which Gaston raised the issue of self-defense.  Nothing in the record indicates that the court failed to consider the theory, and we must presume that in a bench trial, unless the record affirmatively appears to the contrary, the trial court considered the appropriate defenses. *State v. Perez*, Cuyahoga App. No. 91227, 2009-Ohio-959, ¶ 61.  More important, we find that Gaston's version of events are insufficient to even establish a self-defense claim.  Gaston characterizes his actions as restraints to prevent Burton from committing acts of violence against him.  We disagree with this characterization.  Gaston overlooks the fact, according to his testimony, that he escalated the verbal argument into a physical one when he interfered with Burton's control of her moving car.

{¶ 11} Even if we believe Gaston and limit our consideration to his version of the incident, it is undisputed that he instigated the physical aspect of the altercation.  We acknowledge that Gaston does not characterize his actions as such, but the facts nonetheless establish that he was the first to use physical force.   He cannot then claim his subsequent acts of grabbing Burton's hair and "holding her down" were done in self-defense.

{¶ 12} On the third pass around the parking lot, Gaston grabbed for the steering wheel while the car was still in motion.  According to Gaston's trial testimony, only

when he attempted to hijack the car did Burton strike him. He thought she would continue to hit him. Gaston did not testify to being in danger prior to that point.

{¶ 13} Gaston elevated the nature of the altercation into one that became physical by interfering with Burton's exclusive right to control her car. Up to that point, she merely restrained Gaston inside the car by driving laps around the parking lot. There was no threat of harm from the restraint, and the dispute remained verbal. Common sense dictates that interfering with a driver's exclusive control of a moving vehicle is inherently dangerous to all occupants, so much so that such interference is in and of itself a crime. R.C. 4511.70(B). Gaston started the chain of events that led to Burton's striking him. The facts of this case do not support Gaston's theory of self-defense. Moreover, the testimony that Burton chased Gaston and pounded on his uncle's door related to events that occurred after the assault already took place. Her subsequent actions, even if believed, cannot be used to establish self-defense to an assault that already occurred.

{¶ 14} In examining the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find that the trier of fact did not clearly lose its way in finding Gaston guilty of misdemeanor assault. The record reflects that substantial, credible evidence was presented whereby the trial court could reasonably find that Gaston committed the assault and failed to prove that he acted in self-defense, in light of the fact he instigated the physical aspect of the altercation.

Consequently, Gaston's conviction is not against the manifest weight of the evidence, and both his assignments of error are overruled.

{¶ 15} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR