[Cite as *State v. Turner*, 2011-Ohio-5417.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee          :     C.A. CASE NO. 24322

vs.                                    :     T.C. CASE NO. 10CR1787

DANIEL MICHAEL TURNER                  :     (Criminal Appeal from
                                             Common Pleas Court)
    Defendant-Appellant        :

. . . . . . . .

O P I N I O N

Rendered on the 21st day of October, 2011.

. . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; R. Lynn Nothstine, Asst.
Pros. Attorney, Atty. Reg. No. 0061560, P.O. Box 972, Dayton, OH
 45422
    Attorneys for Plaintiff-Appellee

Peter R. Certo, Jr., Atty. Reg. No. 0018880, 1700 One Dayton Centre,
One South Main Street, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Daniel Turner, appeals from his conviction and sentence for felonious assault, R.C. 2903.11(A), for knowingly causing serious physical harm to another.

{¶ 2} On June 3, 2010, Jack Bozarth confronted several children who were gathered in a yard near the intersection of Kings Highway

and Arlene Avenue in Dayton about a fight Bozarth's eight-year old grandson had just gotten into with those other children. Several of the children were Yolanda Brown's children. Defendant, who is Brown's adult son, was also present. While Bozarth was yelling at the children, and they were yelling back at him, Brown came out of her house to investigate the commotion. Bozarth and Brown almost immediately began yelling at each other. At some point during the argument, Bozarth struck Brown, causing her to stumble backwards. Defendant then immediately hit Bozarth in the left side of his face, causing multiple fractures, including orbital fractures that caused blood to pool behind Bozarth's left eye. A surgical procedure at Miami Valley Hospital was required to allow the blood to drain from behind Bozarth's eye. Without that procedure, Bozarth may have lost his sight.

{¶ 3} Defendant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1). Following a jury trial, Defendant was found guilty as charged. The trial court sentenced Defendant to four years in prison.

{¶ 4} Defendant timely appealed to this court.

FIRST ASSIGNMENT OF ERROR

{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ISSUE A DEFENSE OF ANOTHER JURY INSTRUCTION."

{¶ 6} Defendant argues that the trial court abused its

discretion by refusing to give his requested jury instruction on the affirmative defense of defense of another.

{¶7} In *State v. Kleekamp*, Montgomery App. No. 23533, 2010-Ohio-1906, this court stated:

{¶8} "{¶ 35} 'A criminal defendant has the right to expect that the trial court will give complete jury instructions on all issues raised by the evidence.' *State v. Williford* (1990), 49 Ohio St.3d 247, 251, 551 N.E.2d 1279; *State v. Mullins,* Montgomery App. No. 22301, 2008-Ohio-2892, ¶ 9. As a corollary, a court should not give an instruction unless it is specifically applicable to the facts in the case. *State v. Fritz,* 163 Ohio App.3d 276, 837 N.E.2d 823, 2005-Ohio-4736, ¶ 19. The decision to give a requested jury instruction is a matter left to the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. Davis,* Montgomery App. No. 21904, 2007-Ohio-6680, ¶ 14."

{¶9} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or

arbitrary.

{¶ 10} "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 11} Ohio has long recognized an affirmative defense of defense of another where one (1) reasonably and in good faith believes that his family member is in imminent danger of death or serious bodily harm and (2) only uses reasonably necessary force to defend his family member such as he would be entitled to use in self-defense. *State v. Williford* (1990), 49 Ohio St.3d 247, 250, 551 N.E.2d 1279.

{¶ 12} In *Kleekamp, supra*, we further stated:

{¶ 13} "{¶ 51} 'The affirmative defense of defense of another is a variation of self-defense. *State v. Moss,* Franklin App. No. 05AP-610, 2006-Ohio-1647. Under certain circumstances, a person may be justified in using force to defend another person against an assault. However, the actor then stands in the shoes of the person he aids, and if the person aided is the one at fault in creating the affray, the actor is not justified in his use of force.

*Id.* One who acts in defense of another must meet the criteria for self-defense. *Id.'* *State v. Wilson,* Montgomery App. No. 22581, 2009-Ohio-525, ¶ 38.

{¶ 14} "{¶ 52} Self-defense is an affirmative defense which the accused has the burden to prove by a preponderance of the evidence. R.C. 2901.05(A); *State v. Jackson* (1986), 22 Ohio St.3d 281, 490 N.E.2d 893. 'In order to establish self-defense, a defendant must prove: (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.' *State v. Davis,* Montgomery App. No. 21904, 2007-Ohio-6680, ¶ 14, citing *State v. Robbins* (1979), 58 Ohio St.2d 74, 388 N.E.2d 755."

{¶ 15} An affirmative defense, such as self-defense or defense of another, is in the nature of a confession and avoidance, where the accused admits that he engaged in the conduct alleged but claims that he was legally justified in doing so. *State v. Rhodes* (1992), 63 Ohio St.3d 613, 625. Such an instruction is not appropriate where the defendant denies engaging in the conduct alleged upon which the criminal charge is based. *State v. McGhee*, Montgomery App. No. 23226, 2010-Ohio-977, at ¶54.

{¶ 16} In order to determine whether a defendant has successfully raised an affirmative defense under R.C. 2901.05, the court is to inquire whether the defendant has presented sufficient "evidence, which if believed would raise a question in the minds of reasonable men concerning the existence of such issue." *State v. Robbins* (1979), 58 Ohio St.2d 74, 80, 388 N.E.2d 755, quoting *State v. Melchoir* (1978), 56 Ohio St.2d 15, 381 N.E,2d 195, paragraph one of the syllabus.

{¶ 17} Defendant claims that he was entitled to a jury instruction on the defense of another based upon his testimony at trial that he hit Bozarth immediately after Bozarth hit his mother, and that he punched Bozarth in order to get Bozarth away from his mother. In other words, Defendant was protecting/defending his mother who had the right to use force to defend herself after Bozarth struck her. Instead, Defendant "stood in the shoes of his mother" and used force in her defense. During his testimony, Defendant claimed that he hit Bozarth "between his beard and chin," and he denied hitting Bozarth with enough force to cause his injuries.

{¶ 18} The trial court refused to instruct the jury on defense of another because the court concluded that Defendant denied engaging in the specific conduct, hitting Bozarth in the left eye, that resulted in serious physical harm to Bozarth. Instead,

Defendant admitted only to hitting Bozarth on the chin. Accordingly, the trial court found that Defendant was not admitting that he engaged in the specific conduct charged, which is the necessary foundation for an affirmative defense. *State v. McGhee.*

{¶ 19} Because Defendant denied hitting Bozarth in or near his left eye, and further denied using sufficient force to cause the serious physical harm to Bozarth's left eye, the evidence Defendant presented constituted a denial of the particular criminal conduct alleged, not a confession and avoidance. We agree with the trial court that the evidence on which Defendant's claim was predicated is insufficient to raise an issue concerning defense of another and justify a jury instruction on that affirmative defense. Accordingly, the trial court did not abuse its discretion in refusing to give that instruction.

{¶ 20} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 21} "THE TRIAL COURT FAILED TO CONSIDER ALL MITIGATING FACTORS IN SENTENCING AND IMPOSED AN EXCESSIVE SENTENCE."

{¶ 22} Defendant argues that the trial court erred by failing to give proper consideration to the mitigating factors that apply, resulting in a sentence that is excessive.

{¶ 23} In *State v. Jeffrey Barker*, Montgomery App. No. 22779,

2009-Ohio-3511, at ¶36-37, we wrote:

{¶ 24} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, at ¶37.

{¶ 25} "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id."*

{¶ 26} At sentencing, the trial court indicated that it had reviewed the presentence investigation report and the parties' sentencing memorandums. The court heard oral statements by

Defendant's counsel. The court also informed Defendant about post release control requirements. The court did not, however, specifically state that it had considered the seriousness and recidivism factors in R.C. 2929.12. Even if there is no specific mention in the record that the trial court considered the purposes and principles of felony sentencing, R.C. 2929.11, or the seriousness and recidivism factors, R.C. 2929.12, it is presumed that the trial court gave proper consideration to those statutes. *State v. Miller*, Clark App. No. 09CA28, 2010-Ohio-2138, at ¶43; *Kalish*, at fn. 4. We additionally note that Defendant's four year sentence is within the authorized range of available punishments for a felony of the second degree. R.C. 2929.14(A)(2). Defendant's sentence is not contrary to law.

{¶ 27} Defendant claims that the trial court failed to properly consider several mitigating factors that apply, and as a result, the court imposed an excessive sentence. Defendant points out that the victim induced or facilitated the offense by yelling at the children and striking Defendant's mother, R.C. 2929.12(C)(1), and that in committing the offense Defendant acted under strong provocation, R.C. 2929.12(C)(2). Furthermore, Defendant is a first time offender who has not previously been convicted of a criminal offense or adjudicated a delinquent child. R.C. 2929.12(E)(1)-(3). The offense was committed under factual

circumstances not likely to recur, R.C. 2929.12(E)(4), and Defendant several times expressed genuine remorse, R.C. 2929.12(E)(5).

{¶ 28} While all of that may be true, this record nevertheless supports the trial court's sentence. First, we note that there is a presumption in favor of a prison term for a second degree felony. R.C. 2929.13(D)(1). Furthermore, the four year prison term the trial court imposed is a low to mid-range sentence for a second degree felony. R.C. 2929.14(A)(2). Additionally, the trial court indicated that it would be favorably disposed to granting judicial release after just one year if Defendant behaves while in prison, because due to the bad environment Defendant was raised in the court wasn't sure Defendant really had a chance.

{¶ 29} Finally, the trial judge explained her reasons for imposing a prison term, which includes the fact this was an offense of violence that resulted in serious physical harm to the victim. Throughout Defendant's presentence investigation interview, he minimized his involvement in the offense, denying that he hit the victim in the eye and caused his serious eye injuries. The trial court did not believe that. The trial court noted that the community cannot tolerate causing serious physical harm to another person. The victim in this case, an elderly man, had his left eye socket shattered. The court found that community control would

demean the seriousness of this offense, effectively concluding that the presumption in favor of prison had not been rebutted.

{¶ 30} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). We see no abuse of discretion on the part of the trial court in imposing a four year sentence in this case.

{¶ 31} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine, Esq.
Peter R. Certo, Jr., Esq.
Hon. Barbara P. Gorman